ATTEST: CERTIFIED TRUE COPY
Clerk, WILLIAM M. McCOOL
Western U.S. District Court
By _____ District of Washington
Deputy Clerk

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

### for the

### Western District of Washington

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No.   MJ12-496 |
| Subject Parcel | ) |
| Delivery Confirmation Number EI625855687US | ) ) ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ **Western** _____ District of _____ **Washington** _____
*(identify the person or describe the property to be searched and give its location)*:

Subject Parcel, (USPS) Express Mail parcel # EI625855687US, addressed to "Devyn Klein, 440 Roberts Ave, OMB #1615, Pensacola, FL 32511-5151", as more fully described in Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B for a list of items to be seized.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   Oct 3, 2012
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
any U.S. Magistrate Judge in Western Dist. of Washington   .
_____
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.

☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  Sept 20, 2012
9:55 Am

Judge's signature

City and state:    Seattle, Washington

Mary Alice Theiler, United States Magistrate Judge
*Printed name and title*

## Attachment A

### Parcel to be searched

United States Postal Service (USPS) Express Mail parcel # EI625855687US, addressed to "Devyn Klein, 440 Roberts Ave, OMB #1615, Pensacola, FL 32511-5151" with a return address of "Nicole Arian, 811 112th St SW F205, Everett, WA 98204" (hereinafter referred to as "SUBJECT PARCEL "). The SUBJECT PARCEL is an Express Mail cardboard parcel measuring approximately 15 ½" x 12 ½" x 3," and has a weight of approximately one (1) pound.  This parcel is postmarked for September 18, 2012, from ZIP code 98204 in Everett, WA and carries $33.20 in postage.

**Attachment B**

a.      Controlled substances, including, but not limited to, cocaine, crack cocaine, heroin, hashish, marijuana, methamphetamine, MDMA, methadone, oxycodone, and Oxycontin;

b.      Monetary instruments, including but not limited to, currency, money orders, bank checks, or gift cards;

c.      Controlled substance-related paraphernalia;

d.      Documentary evidence relating to the purchase, sale, and/or distribution of controlled substances;

e.      Notes, letters and other items which communicate information identifying the sender and/or recipient or pertaining to the contents of the mailing; and

f.      Fingerprints and/or handwriting, to identify who handled and/or mailed the package.

<u>Attachment C</u>

**DEA HIDTA Task Force Group D-22**
**Valley narcotics Enforcement Team**

**Case No. GFRE-12-9227**

Task Force Officer Cory Stairs
September 18, 2012

---

DETAILS

On September 18, 2012, I was working narcotics interdiction in conjunction with the US Postal Inspection Service at the United States Postal Service mail facility located at 10700 27th Avenue South, Tukwila, WA. The emphasis was targeting outbound Express Mail parcels intended for distribution outside of the Seattle Metropolitan.

Narcotics canine "Caro" was used to sniff packages that were deemed suspicious by investigators. This particular "subject" parcel was intended to be delivered to Pensacola, Florida and listed a tracking number of EI 625855687 US.

DEA Task Force Officer Jeff McClane placed the "subject" parcel in an open office area with four additional "control" parcels out of view of "Caro" and me. The parcels were arranged along the perimeter of the wall so "Caro" could sniff each parcel for the odor of narcotics. Caro sniffed along the seams of each of the parcels and "sat" after sniffing the 4th package in the drug package lineup. When "Caro" sits, it is an indication to me that he could smell the odor of narcotics.

Caro was rewarded with a ball and concluded the search.

TRAINING/EXPERIENCE

I am a commissioned Police Officer for the Port of Seattle Police Department, and have been employed since October 7, 2000. I am currently assigned as a Task Force Officer of the United States Drug Enforcement Administration (DEA), as an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18. My duties include investigating federal and state narcotics violations within the jurisdiction of the Port of Seattle, the County of King, State of Washington, and the United States.

I am a graduate of the Basic Police Academy provided by Washington State Criminal Justice Training Commission. I have received over 200 hours of classroom training including but not limited to, drug identification, drug interdiction, detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, cultivation, manufacturing and illicit trafficking of controlled substances. I have completed the two week basic narcotics investigations course with the Drug Enforcement Administration and I have received nationally recognized narcotics training provided by the International Narcotics Interdiction Association (INIA) as well as the California Narcotics Officers Association (CNOA).

By virtue of my assignment with the DEA, I am authorized to conduct investigations into violations of the Controlled Substances Act. In doing so, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to complex international conspiracies. Because of this experience and training, I am familiar with common methods of investigating drug trafficking organizations, and have become familiar with the methods of

operation of drug traffickers, including, but not limited to, their methods of importing, exporting, storing, concealing, and packaging drugs; their methods of transferring and distributing drugs; their use of cellular telephones, telephone pagers, emails, and other electronic means of communication to further their narcotics trafficking activities; and their use of numerical codes, code words, counter-surveillance, and other methods of avoiding detection by law enforcement. I am also familiar with the various methods of packaging, delivering, transferring, laundering, and expatriating drug proceeds.

I have participated in the execution of numerous narcotics search warrants. Most commonly, these warrants authorize the search of locations ranging from the residences of drug traffickers and their coconspirator/associates, to locations used to manufacture, distribute and hide narcotics and drug proceeds. Materials searched for and often recovered in these locations include packaging materials, manufacturing items, scales, weapons, documents and papers reflecting the distribution of controlled substances and the identity of coconspirator associates, and papers evidencing the receipt, investment, and concealment of proceeds derived from the distribution of controlled substances.

CANINE QUALIFICATIONS

I'm currently assigned to the DEA HIDTA Taskforce and handle a narcotics canine as a collateral duty. In November 2010, I completed the state mandated requirement of 200 hours of canine narcotics specific training, which fulfilled the Washington Administrative Code (W.A.C.) 139-05-915 for the Narcotic Dog Handler (General Detection). My training consisted of approximately 250 hours of training in the classroom as well as practical applications, which covered all areas specified by W.A.C. On November 14, 2010 Canine "Caro" and I were certified as a team by the Washington State Police Canine Association. The WSPCA is an organization with voluntary membership to improve training and effectiveness of canine teams statewide. The WSPCA certification is also voluntary with more stringent standards than the state requirement. The substances trained on by the team are cocaine, heroin, methamphetamine and marijuana/hashish. "Caro" is a passive alert canine, which is a manner most of the canines in the program are taught to alert. "Caro" is trained to give a "sit response" after having located the specific location the narcotics odor is emitting from. The handler is trained to recognize the changes of behavior the canine exhibits when it begins to detect the odor of narcotics. The odor can be emitting from the controlled substance itself, or it can be absorbed into items such as currency, clothing, containers, packaging material, etc. Narcotic smelling canines such as "Caro" have an inherently keen sense of smell, and will continue to alert on the container or item depending on the length of exposure to the controlled substance, and the amount of ventilation the item is exposed to.

Caro's reward for finding narcotics / narcotic related items is a rubber ball. Caro and I continue to train on a regular basis to maintain our proficiency as a team.
On-going training includes:
- Training in all areas of interdiction, such as vehicles, boats, truck tractor and trailers, schools, currency, parcels and mail, airports and airplanes, bus and bus depots, storage units, residences, trains and train depots, prisons, motels, apartments, etc.
- Training on various quantities of controlled substances, ranging from grams to ounces, and pounds when available.
- Training on novel odors, such as odors that are distracting, masking, or new.
- Training on controlled negative (blank) testing, in which all objects or locations have no contraband present.
- Extinction training, which proofs the dog and prevents him from alerting to common items associated with controlled substances, such as plastic bags, etc.

I maintain both training logs and field activity/application reports. Both are available for review upon request. At this time the team has found over 847 narcotics substance training aids and 67 applications in the field resulting in the seizure of narcotics and currency. Canine "Caro" maintains approximately a 92 percent rate of accuracy in field applications.

I certify or swear under the penalty of perjury the foregoing statement is true and correct.

Detective Cory W. Stairs
DEA Task Force
Badge #10253 September 18, 2012